UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Asresash B.T. and Derartu H. S., | Case No. 22-cv-1300 (WMW/JFD) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| Antony Blinken, *Secretary of United States Department of State*, and Tracey Ann Jacobson, *Ambassador to U.S. Embassy in Ethiopia*, | |
| Defendants. | |

This matter is before the Court on Defendants' motion to dismiss Plaintiffs' amended complaint. (Dkt. 17.) For the reasons addressed below, Defendants' motion is granted and Plaintiffs' amended complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff Asresash B.T. is a United States citizen who resides in Minnesota. Asresash B.T. is the mother of Plaintiff Deratu H. S., a resident of Ethiopia. Defendant Antony Blinken is the United States Secretary of State and Defendant Tracey Ann Jacobsen is the United States Ambassador to Ethiopia.

Asresash B.T., who was born in Ethiopia, immigrated to the United States in 2011 and became a legal permanent resident of the United States in 2012. Shortly after becoming a legal permanent resident, Asresash B.T. began the process of sponsoring Deratu H.S. for an immigrant visa by filing a Form I-130 petition (Petition) with United

States Citizenship and Immigration Services (USCIS) to classify Deratu H.S. as her F2A relative. USCIS approved the Petition in 2013 and classified Deratu H.S. as Asresash B.T.'s F2A relative for visa-application purposes.

On July 9, 2014, Deratu H.S. used the F2A Petition to apply for an immigrant visa before consular officials in Ethiopia. Because of a documentation issue regarding Deratu H.S.'s age, consular officials denied her visa application but automatically reclassified her underlying Petition as F2B, rather than F2A. At that time, consular officials automatically initiated a reconsideration process pertaining to Deratu H.S.'s initial visa application using the reclassified F2B Petition.[1]

This reconsideration process remained pending through 2018. In 2018, Asresash B.T. became a naturalized citizen of the United States. Defendants represented at oral argument that Asresash B.T.'s naturalization prompted further administrative recharacterization of Deratu H.S.'s Petition.[2] On July 25, 2019, Deratu H.S. appeared before consular officials in Ethiopia for reconsideration of her initial visa application using the reclassified Petition. Although both parties agree that Deratu H.S. appeared before consular officials in Ethiopia in 2019, the parties disagree about the reason for doing so. Plaintiffs submit that Deratu H.S. appeared in connection with a new visa application, and not for the reconsideration of the initial application that Deratu H.S.

---

[1]    *See* 8 C.F.R. § 204.2(i)(2) (providing for automatic recharacterization of I-130 Petition when beneficiary attains 21 years of age).
[2]    *See* 8 C.F.R. § 204.2(i)(3) (providing for automatic recharacterization of I-130 Petition when petitioner who had been lawfully admitted to the United States for permanent residence becomes a naturalized citizen).

submitted in 2014.[3]  Defendants assert that Deratu H.S. appeared for the reconsideration of the initial visa application on the basis of her newly reclassified Petition.

Plaintiffs allege that Deratu H.S.'s reapplication remains unadjudicated and that Plaintiffs have suffered an unreasonable delay because of this "long overdue" adjudication.  Specifically, Plaintiffs allege that following Deratu H.S.'s 2019 appearance before consular officials, Deratu H.S. never received the statutorily required written notice of the officials' decision pertaining to her alleged new application.  Without this notice, Deratu H.S. lacks a basis for the denial of her reapplication, which, therefore, remains unadjudicated and forms the basis for Plaintiffs' claims of undue delay. Defendants now move to dismiss.

## ANALYSIS

### I.    Standard of Review

To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If a complaint fails to state a claim on which relief can be granted, dismissal is warranted.  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  Factual allegations must "raise a right to relief above the speculative level" and "state a claim to

---

[3]    For clarity, the Court will refer to Plaintiffs' understanding of the 2019 application-related proceeding as Deratu's 2019 "reapplication."

relief that is plausible on its face." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## II.   Plaintiffs' Claims of Undue Delay

Plaintiffs seek relief pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706(1) and the Mandamus Act, 28 U.S.C. § 1361. The Court addresses each claim in turn.

### A. APA Claim

Under the APA, a party "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . , is entitled to judicial review thereof." 5 U.S.C. § 702. In cases of agency (in)action related to immigration proceedings, the consular nonreviewability doctrine may preclude courts from considering APA claims. *See Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021) The Immigration and Nationality Act (INA) grants consular officers "exclusive authority to review applications for visas." *Id.* (internal quotation marks omitted). Accordingly, the consular nonreviewability doctrine "shields a consular official's decision to issue or withhold a visa from judicial review." *Id.*; *see also Doan v. I.N.S.*, 160 F.3d 508, 509 (8th Cir. 1998); *Osman v. Clinton*, Civ. No. 11-2953 (JNR/SER), 2012 WL 1060053, at *2 (D. Minn. Mar. 29, 2012). Two exceptions to this doctrine exist, however, and permit judicial review of a consular decision if the exclusion

of a noncitizen burdens a citizen's constitutional rights, or if a statute expressly authorizes judicial review. *Baan Rao Thai Rest.*, 985 F.3d at 1024–25.

Moreover, "the doctrine of consular non-reviewability precludes review only of 'final visa determinations' and 'does not apply to challenges regarding decisions that are not yet final.'" *Sawahreh v. U.S. Dep't of State*, Civ. Action No. 22-1456 (JEB), 2022 WL 4365746, at *3 (D.D.C. Sep. 21, 2022). "Cases in administrative processing have not been finally refused and are therefore subject to judicial review for undue delay." *Id.* (internal quotation marks and citations omitted).

Defendants argue that dismissal is warranted because consular officers have rendered a final adjudication of Deratu H.S.'s visa application, and that the consular nonreviewability doctrine, therefore, precludes any judicial review of that decision. To the extent that Plaintiffs' claim pertains to the initial F2A visa application that Plaintiffs allege Deratu H.S. submitted and consular officials denied in 2014, the consular nonreviewability doctrine bars Plaintiffs' claim. *Baan Rao Thai Rest.*, 985 F.3d at 1024. The parties do not dispute that consular officials adjudicated and denied Deratu H.S.'s application in 2014. Plaintiffs do not assert that either exception to the consular nonreviewability doctrine applies, and neither does. Plaintiffs, therefore, fail to state a claim for relief as to this theory, and dismissal is warranted.

Alternatively, to the extent that Plaintiffs' claim pertains to the reapplication that Plaintiffs allege Deratu H.S. submitted in 2019, Plaintiffs argue, the consular reviewability doctrine does not bar the claim because Plaintiffs do not allege that any final consular adjudication of Deratu H.S.'s F2B application has occurred. Indeed,

Plaintiffs' claim pertains to the delay in any such adjudication and, therefore, necessarily alleges that Defendants' decision is not yet final. *See Sawahreh*, 2022 WL 4365746 at *3.

In response, Defendants contend that Plaintiffs misunderstand the law that governs the application process for an immigrant visa, and that no new application (or reapplication) could have occurred when consular officials reclassified Deratu H.S.'s visa applications. Under the INA, certain changes in an immigrant-visa applicant's preference status prompt automatic conversions of the underlying Form I-130 petition. *See* 8 C.F.R. § 204.2(i). Accordingly, Defendants assert, consular officials never created a new application (or reapplication) for Deratu H.S. pertaining to her reclassified F2B Petition. Rather, Deratu H.S.'s initial visa application underwent post-denial reclassifications when consular officials clarified Deratu H.S.'s age and when Asresash B.T. became a naturalized citizen in a process that mirrored the parallel conversions of Deratu H.S.'s underlying Petition. Throughout this process, Defendants argue, Deratu H.S.'s application maintained an accurate priority date until its final adjudication in 2019. For these reasons, Defendants argue, the consular nonreviewability doctrine now bars judicial review of that determination.

Any argument that Plaintiffs' claim should be construed as pertaining to a subsequent F2B application or reapplication is unavailing. Because INA regulations provide for the automatic conversion of Form I-130 petitions in certain circumstances, *see* 8 C.F.R. § 204.2(i), the conversion of Deratu H.S.'s underlying Petition almost certainly prompted the automatic reclassification of Deratu H.S.'s original F2A

application as an F2B application, rather than the creation a new application. Plaintiffs' allegations that a subsequent F2B application exists, or that consular officials have unduly delayed in adjudicating any such application, therefore, are implausible. *See Iqbal*, 556 U.S. at 678.  For this reason, Plaintiffs fail to state a claim for relief and dismissal, is therefore, warranted.

### B.  Mandamus Claim

"A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy."  *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (internal quotation marks omitted).  Plaintiffs who seek relief for immigration delays under either the Mandamus Act or the APA must make "essentially the same showing."  *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1090 (D. Minn. 2008).  As such, "the duty to be enforced by way of mandamus is a duty of timeliness established by the APA."  *Id.*  There is little reason, therefore, "to consider mandamus claims separately from claims under the APA" in immigration-delay cases such as this one.  *Id.* Accordingly, Plaintiffs' mandamus claim rises and falls with their APA claim.  For the reasons addressed in Part II.A of this Order, the Court grants Defendants' motion to dismiss as to Plaintiffs' mandamus claim.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Antony Blinken's and Tracey Ann

Jacobson's motion to dismiss, (Dkt. 17), is **GRANTED**, and Plaintiffs Asresash B.T.'s and Deratu H. S.'s amended complaint, (Dkt. 11), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 28, 2023                         s/Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge